<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

|  |  |  |
|---|---|---|
| JOSEPH RUTLING, | : | |
| | : | Civ. Action No. 16-3275(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

---

**BUMB**, United States District Judge

This matter comes before the Court on Petitioner Joseph Rutling's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ("Mot. to Vacate," ECF No. 1.) On September 16, 2016, this case was stayed pursuant to Standing Order 16-2.[1] On November 1, 2016, Petitioner filed a memorandum in support of his motion ("Petr's Mem.") On January 2, 2018, the Government filed an answer in opposition to the motion (Answer, ECF No. 11), and Petitioner filed a reply on January 19, 2018. (Petr's Reply, ECF No. 12.) For the

---

[1] The stay expired on November 24, 2016. The standing order is available at www.njd.uscourts.gov.

reasons discussed below, it is not necessary to hold an evidentiary hearing and the motion to vacate is denied.

I.    BACKGROUND

A.    Procedural History

For purposes of this motion only, Respondent adopted the citation of facts and procedural background set forth in Petitioner's Memorandum of Law. (Answer, ECF No. 11 at 1.) On August 5, 2014, a criminal complaint was filed in this Court, charging Petitioner with conspiracy to traffic in firearms and unlawful possession of firearms. USA v. Rutling, 15cr111(RMB) (D.N.J.) (Compl., ECF No. 1.) Petitioner was arrested on August 26, 2014. An information was filed, charging Petitioner with one count of conspiracy to engage in unlicensed dealing in firearms, in violation of 18 U.S.C. § 371, and one count of unlawful possession of firearms, in violation of 18 U.S.C. § 922(a)(1)(A). (Information, ECF No. 18.)

On March 6, 2015, Petitioner entered a guilty plea to both counts of the information, in accordance with the terms of a written plea agreement dated January 13, 2015. (Plea Agreement, ECF No. 21.) Schedule A to the Plea Agreement, Stipulation ¶3 provides:

> The applicable guideline for Count One of the Information is U.S.S.G. § 2K2.1. The parties agree that: (A) the offense involved a firearm that is described in 26 § U.S.C. § 5845(a) (the National Firearms Act) (specifically the

> Izhmash, Model SPR 453 shotgun, bearing a
> defaced serial number (determined to be
> 0815353256R)); and (B) the defendant committed
> any part of the instant offense subsequent to
> sustaining at least two felony convictions for
> crimes of violence or controlled substance
> offenses. Therefore, the Base Offense Level is
> 26, pursuant to U.S.S.G. § 2K2.1(a)(1).

USA v. Rutling, 15cr111(RMB) (D.N.J.) (Plea Agreement at 7, ECF No. 21.) The Court discussed the stipulations and the sentencing guidelines with Petitioner at the plea hearing. (Petr's Mem., Ex. B, Plea Hearing Transcript at 19-26, ECF No. 5-1.)

According to the PSR, the base offense level for Count One was 26, pursuant to U.S.S.G. § 2K2.1. (Petr's Mem., ECF No. 5 at 4.) The two underlying "predicate" felony convictions in Petitioner's PSR that resulted in a base offense level of 26 were (1) the 2014 Camden County, New Jersey Superior Court conviction for distribution of CDS in a school zone; and (2) the 2011 Williamsburg County, South Carolina conviction for burglary (no specified degree). As for the burglary conviction, the PSR notes, "the circumstances for this case are not available." (Petr's Mem., ECF No. 5 at 4.)

The indictment filed against Petitioner in Williamsburg County, South Carolina on January 27, 2011 charged him with second degree burglary, specifically:

> That Marcus Rutling and Joseph Rutling did in
> Williamsburg County on or about April 30,
> 2010, enter the building of Kingstree Power
> and Equipment, without consent and with the

3

intent to commit a crime therein and said
                    defendants entered or remained in said
                    building in the nighttime in violation of
                    Section 16-11-312(B), South Carolina Code of
                    Laws of South Carolina (1976) as amended.

(Petr's Mem., Ex. E, Indictment Number 2011-GS-45-0040, ECF No. 5-2 at 28.) The sentence sheet in that case indicates that Petitioner entered a guilty plea to a count of burglary in the third degree, a violation of § 16-11-313, a "lesser-included" and "non-violent" offense. (Petr's Mem., Ex. F, Sentence Sheet dated March 10, 2011, ECF No. 5-2 at 30.) Petitioner was sentenced to a 3-year prison term. (Id.)

On November 3, 2015, Petitioner was sentenced in Criminal Action No. 15cr111(RMB) USA v. Rutling, 15cr111(RMB) (D.N.J.) (Judgment, ECF No. 26.) Defense counsel did not object to the calculation of the offense level in the PSR. (Petr's Mem., Ex. C, ECF No. 5-2 at 2-3.) The Court adopted the findings in the PSR of total offense level 30, criminal history category 6, for a Guidelines range of 168 to 210 months, capped at 180 months by operation of the statute. (Id. at 12-13.) The Court sentenced Petitioner to a prison term of 60 months on Count One and 120 months on Count Two, to be served consecutively, for a total term of imprisonment of 180 months. (Id. at 19.)

Petitioner did not file a Notice of Appeal. However, on May 27, 2016, Petitioner filed a *pro se* motion to vacate, set aside,

4

or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel provided ineffective assistance by failing to argue that his South Carolina burglary conviction did not constitute a "crime of violence," in accordance with the decision in Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015). (Mot. to Vacate, ECF No. 1 at 13.) Pursuant to the Court's stay of Johnson cases in Standing Order 16-2, Petitioner, through counsel, filed memorandum of law in support of his motion to vacate on November 1, 2016. (Petr's Mem., ECF No. 5.) In summary, Petitioner alleged that

> Mr. Rutling had only one countable conviction for Section 2K2.1's purposes, and his base offense level should have been 22 pursuant to U.S.S.G. § 2K2.1(a)(3). This would have changed his adjusted offense level to 32 rather than 33. Thus the final offense level, after adjustment for acceptance of responsibility, should have been level 29 rather than 30. This would have changed the recommended guideline range from 168-210 months to a significantly lower 151-188 months (capped at 180 months). In other words, this Court sentenced him to the maximum sentence after considering an improperly calculated sentencing range. Therefore, counsel was ineffective for stipulating to the erroneous base offense level in the plea agreement. Additionally, the Probation Department should have caught the error in compiling the Presentence Report upon reviewing his prior conviction records. Had it been properly advised, the Court would have considered the applicable range to have begun at 151 months, not 168.
>
> As discussed below, applicable Third Circuit case law based upon the United States

> Constitution requires a sentencing court to
> properly calculate a defendant's Guidelines
> sentence range, at step one of the sentencing
> process. Moreover, miscalculating the
> advisory sentencing Guidelines range is not
> rendered harmless by the fact that the
> sentence imposed was within an overlapping
> range. Because counsel stipulated to an
> incorrect base offense level in the plea
> agreement, and that formed the basis for the
> sentence imposed in this case, that sentence
> must be vacated and this case remanded for
> resentencing.

Respondent filed an answer to the motion to vacate on January 2, 2018, arguing that Petitioner had not addressed whether his third-degree burglary conviction constituted a crime of violence under the residual clause of the Sentencing Guidelines and maintaining that it is a crime of violence; and in any event, the court would have imposed the same sentence if it was not. (Answer, ECF No. 11.) Petitioner filed a reply on January 19, 2018, arguing that his burglary conviction was not a crime of violence under the residual clause, and the error was prejudicial. (Petr's Reply, ECF No. 11.)

B.    The Parties' Arguments

Petitioner's base offense level was calculated under U.S.S.G. § 2K1.2. (Petr's Mem., ECF No. 5 at 1.) Petitioner contends his counsel was ineffective for stipulating at sentencing to an offense level of 26 for Count One, based on two underlying predicate convictions. (Id. at 2.) Petitioner asserts that he had only one countable conviction for purposes of Section 2K2.1, and his base

offense level should have been 22 under U.S.S.G. § 2K2.1(a)(3). (Petr's Mem. at 2, ECF No. 5.) This would have changed his final offense level to 30, and his recommended Guidelines range to 151-188 months (capped at 180 months). (Id.)

Respondent contends Petitioner's third-degree burglary conviction was a crime of violence under the residual clause of the 2015 Sentencing Guidelines, the version of the Guidelines in effect when he was sentenced on November 3, 2015. (Answer, ECF No. 11 at 4.) The Court notes that the PSR indicates the 2014 Sentencing Guidelines Manual was used to calculate Petitioner's criminal history score, and the Court adopted the PSR without objection at sentencing. USA v. Rutling, 15cr111(RMB) (D.N.J.) (Sentencing Tr., ECF No. 27 at 2-3.) However, the 2014 and 2015 Sentencing Guidelines define "crime of violence" under U.S.S.G. § 4B1.2(b) identically as "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

There are three ways Petitioner's burglary conviction could constitute a crime of violence under § 4B1.2: (1) the elements clause [also known as the "force clause"] under § 4B1.2(a)(1); (2) the enumerated offenses clause of § 4B1.2(a)(2); and (3) the residual clause of § 4B1.2(a)(2), if the underlying crime "presents a potential risk of physical injury to another." (Answer, ECF No.

11 at 5.) Respondent notes Petitioner did not address the residual clause in his memorandum of law. (Id.)

Respondent concedes that the Supreme Court, in Johnson v. United States, 135 S. Ct. 2551 (2015), held the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. The residual clause of § 4B1.2(a)(2), however, is not void because the Sentencing Guidelines are advisory only. Beckles v. United States, 137 S. Ct. 886 (2017).

Respondent maintains that Petitioner's reliance on United States v. Jones, 114 F. Supp. 3d 310 (D.S.C. 2015)[2] is misplaced because the Jones Court analyzed only whether a third-degree burglary conviction meets the "crime of violence" definition under the elements/force clause or the enumerated offenses clause of the ACCA, it did not address the residual clause of § 4B1.2(a)(2). (Id. at 7.)

A prior conviction satisfies the residual clause of § 4B1.2(a)(2) if the underlying crime "present[s] a serious potential risk of physical injury" and is roughly similar, in kind as well as degree of risk posed, to the examples [of burglary,

---

[2] Jones is distinguishable because it does not address the analysis of whether a conviction constitutes a "crime of violence" under the residual clause of § 4B1.2(a)(2), but rather discusses the analysis under the enumerated clause of 18 U.S.C. § 924(e)(2)(B). 114 F. Supp. 3d at 317 (noting the Johnson decision rendered the ACCA residual clause unconstitutionally void for vagueness but the Government alternatively argued that Jones' third-degree burglary convictions were crimes of violence under the enumerated clause.)

arson, extortion, or use of explosives] themselves." (Answer, ECF No. 5 at 7, quoting United States v. Marrero, 743 F.3d 389, 394-95 (3d Cir. 2014) (citations and quotation marks omitted, brackets in original)). Respondent notes that courts employ the categorical approach to make this determination and consider only "the fact of conviction and the statutory definition of the prior offense." (Id., quoting Shepard v. United States, 544 U.S. 13, 17 (2005) (internal quotations omitted)). Courts do not inquire into the specific conduct of the particular offender. (Id., citing James v. United States, 550 U.S. 192, 202 (2007)). Thus, "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." (Answer, ECF No. 5 at 7, quoting James, 550 U.S. at 202.)

Petitioner pled guilty to violation of South Carolina Code § 16-11-313, which provides:

> (A) A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein.
>
> (B) Burglary in the third degree is a felony punishable by imprisonment for not more than five years for conviction on a first offense and for not more than ten years for conviction of a second offense according to the discretion of the Court.

Respondent contends that, on its face, the statute under which Petitioner was convicted of burglary presents the same general

type and level of risk as the generic burglary statute; therefore, Petitioner's conviction qualifies as a crime of violence under the residual clause of § 4B1.2(a)(2). Respondent relied on the Supreme Court's decision in James, which found

> [t]he main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate. That is, the risk arises … from the possibility that an innocent person might appear while the crime is in progress.

(Answer, ECF No. 11 at 8, quoting James, 550 U.S. at 203.) The risk presented, Respondent claims, is the same risk presented in the ordinary case, that a burglar might encounter someone like a night watchman or a patrolling policeman who seeks to protect the building or him/herself from harm. (Answer at 8, ECF No. 11.)

Respondent notes that every conceivable set of facts covered by the statute does not have to present a serious potential risk of injury for the statute to qualify as a crime of violence under the residual clause of the Sentencing Guidelines. (Answer at 9, citing James, 550 U.S. at 207-08.) Rather, the inquiry is focused on the "ordinary case." (Id.)

Even if Petitioner was correct that counsel should have stipulated to a base offense level of 22 on Count One, resulting in a Guideline sentencing range of 151 to 188-month term of

imprisonment, Respondent contends there was no prejudice because the Court would have imposed the same 180-month sentence under a lower Guidelines range. (Answer at 10-11, ECF No. 11.) The Court stated:

> … the defendant has asked me to consider, and I have, that I should consider the fact that if I look at some of these criminal convictions that the 14 points present a far more sinister criminal history than actually exists. And I looked at that and I studied that. And four points, the defendant argues four points are from municipal court convictions and if those weren't counted, then he would be at a – that the defendant would be at a Criminal History Category 10, which is a Criminal History Category 5, facing 151 to 188 months.
>
> I have considered that argument. I think at the end of my analysis, the sentence I'm about to impose does address all of the 3553(a) factors. And even if the defense had moved for a downward departure and I had granted it down to a level 5, where the Criminal History Category would be if I discounted those municipal court convictions, I would vary to the sentence I'm about to impose because I do believe that the sentence I'm about to impose does address the [3553(a)] factors.

(Answer at 11-12, ECF No. 11, citing Sentencing Tr. at 17-18, ECF No. 5-2.)

In reply, Petitioner raises a new issue, that all parties overlooked conflicting statements concerning Petitioner's prior convictions. (Petr's Reply at 1, ECF No. 12.) Paragraph Three (applicable to Count One) of the plea agreement shows Petitioner's base offense level was 26 under U.S.S.G. § 2K2.1(a)(1), based on

two qualifying predicate convictions. (Id.) Paragraph Nine
(applicable to Count Two) shows that his base offense level was 22
under U.S.S.G. § 2K2.1(a)(3), based on a single qualifying
predicate conviction. (Id.) Petitioner asks for this mistake to be
corrected. (Id.)

Next, regarding Respondent's contention that his burglary
conviction was a crime of violence under the residual clause of
the 2015 [or 2014] version of U.S.S.G. § 4B1.2(a), Petitioner
asserts there is a split among the Circuits that have addressed
the issue. (Petr's Reply at 2.) The Sixth Circuit held that a
conviction under South Carolina's second-degree burglary statute
does not qualify as a crime of violence under the residual clause
"because it does not present the same degree of risk as generic
burglary of a dwelling." (Petr's Reply at 2, ECF No. 12, quoting
United States v. McFalls, 592 F.3d 707, 714 (6th Cir. 2010),
abrogated on other grounds by United States v. Verwiege, 872 F.3d
408 (6th Cir.) amended, 874 F.3d 258 (6th Cir. 2017)).

Petitioner further contends that the Sixth Circuit recognizes
that its approach is at odds with other Circuits. (Id. at 2-3,
citing United States v. Prater, 766 F.3d 501, 516-17 (6th Cir.
2014) (citing cases)). Petitioner notes the Sixth Circuit in United
States v. Prater criticizes other Circuits (including the Third
Circuit decision in United States v. Harford, 370 F. App'x 322,
324 (3d Cir. 2010)) for treating non-generic burglaries similarly

to generic burglaries without adequate explanation or consideration of whether the non-generic crimes "present[] a serious potential risk of physical injury" comparable to generic burglaries. (Id.)

Petitioner argues this Court should not follow the Third Circuit decision in Harford because it contains no legal analysis and merely relies on United States v. Andrello, 518 F.3d 164 (2d Cir. 1993) (per curiam), and is likely no longer good law after Descamps v. United States, 570 U.S. 254 (2013). (Id.)

Petitioner cites Third Circuit decisions holding that ACCA precedent "generally applies also to 'crimes of violence' enhancements under the Guidelines." (Petr's Reply at 3-4, ECF No. 12, citing United States v. Steiner, 847 F.3d 103, 119 n. 62 (3d Cir. 2017), citing United States v. Brown, 765 F.3d 185, 189 n.2 (3d Cir. 2014)). The Third Circuit in Steiner held that because the Pennsylvania burglary statute at issue swept more broadly than burglary narrowed to dwellings, it was not a predicate Section 4B1.2 "crime of violence." (Petr's Reply at 5, quoting Steiner, 847 F.3d at 120.)[3] Petitioner concludes that this Court never had

_____

[3] The Court notes that Steiner is distinguishable from this case because the Steiner Court addressed only whether the Pennsylvania burglary statute constituted a crime of violence under the enumerated clause of the Sentencing Guidelines, and did not address the residual clause. See Steiner, 847 F.3d at 120 n. 83 (noting the court had held the residual clause of § 4B1.2 was unconstitutionally vague but if the Supreme Court upheld the residual clause in Beckles, the District Court should not consider

the opportunity to determine whether his prior conviction was divisible or non-divisible or otherwise address whether a prior conviction was a crime of violence. (Petr's Reply at 5, ECF No. 12.)

Petitioner also addresses Respondent's claim that he cannot show prejudice because the Court would have imposed the same 180-month sentence if the range had been 151-188 months. (Id.) Precedent mandates that a sentencing court must properly calculate the advisory Guidelines range. (Id. at 6-7, citing United States v. Boney, 769 F.3d 153, 159 (3d Cir. 2014)). Petitioner disagrees with Respondent that the advisory sentence range had no impact on the Court's consideration of the appropriate sentence. (Id. at 7-8.)

II. DISCUSSION

A. Legal Standard

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution. 28 U.S.C. § 2255(a). Courts should liberally construe a *pro se* § 2255 petition. U.S. v. Delgado, 363 F. App'x 853, 855 (3d Cir. 2010).

28 U.S.C. § 2255(b) provides, in relevant part, "unless the motion and the files and records of the case conclusively show

---

the residual clause on remand because the Government had not argued it should apply.)

that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon …;" see United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) ("the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief") (quoting United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005)).

Petitioner asserts his counsel was ineffective by stipulating to a base offense level of 26 on Count One, based on two predicate crimes of violence, because his third-degree burglary conviction was not a crime of violence. The Sixth Amendment right to counsel is the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A court must analyze an ineffective assistance of counsel claim in a § 2255 motion under the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). Massaro v. U.S., 538 U.S. 500, 505 (2003).

Under Strickland, a defendant must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. 466 U.S. at 687. In order to establish deficient performance, a defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Judicial scrutiny of counsel's performance must be highly deferential … a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 688-89 (internal quotations omitted). Accordingly, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690-691.

To establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probably is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

B. Analysis

    1. Whether There Are Conflicting Statements in the Plea Agreement Concerning Petitioner's Prior Convictions

First, the Court addresses Petitioner's claim in his reply that all parties overlooked conflicting statements concerning Petitioner's prior convictions. (Petr's Reply at 1.) Petitioner notes that Paragraph Three of the plea agreement shows Petitioner's base offense level was 26 under U.S.S.G. § 2K2.1(a)(1), based on two qualifying predicate convictions. (Id.) Paragraph Nine, on the other hand, shows that his base offense level was 22 under U.S.S.G. § 2K2.1(a)(3), based on only a single qualifying predicate

conviction. (Petr's Reply at 1, ECF No. 12.) Petitioner asks for this mistake to be corrected. (Id.)

For the reasons discussed below, there was no mistake in the plea agreement. The difference in the number of qualifying predicate convictions are explained by the dates when the crimes set forth in Counts One and Two of the Indictment were committed. Section 2K2.1 in the 2014 and 2015 U.S.S.G. Sentencing Guidelines Manual provides, in relevant part:

§2K2.1. Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition

(a) Base Offense Level (Apply the Greatest):

(1) 26, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

(2) 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

(3) 22, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony

> conviction of either a crime of violence
> or a controlled substance offense[.]

According to the plea agreement, the conspiracy alleged in Count One lasted from April 8, 2013 through July 28, 2014. (Plea Agreement at 1, ECF No. 21.) For Count Two, the parties agreed that the offense of felon-in-possession was committed on April 9, 2014.

The Sentencing Transcript indicates that Petitioner committed two crimes of violence subsequent to the beginning of the conspiracy on April 8, 2013, and he committed one crime of violence subsequent to his possession of a firearm on April 9, 2014. AUSA Smith explained,

> [t]he conspiracy that Mr. Rutling pled guilty to went from April of 2013 to the end of July of 2014 and, your Honor, during that time, on April 27, 2013 and April 11, 2014, separated by almost a year, Mr. Rutling was arrested and convicted of two crimes. The first was for distributing drugs, 29 ziplock bags of powdered cocaine and 40 ziplock bags of a white rock-like substance after fleeing from police. And then about a year later, towards the end of the conspiracy, theft by unlawful taking.

(Sentencing Tr. at 9:13–9:21, ECF No. 5-2.)

There was no mistake in the plea agreement. Count One was properly calculated under § 2K2.1(a)(1) because Petitioner committed two crimes of violence subsequent to when the conspiracy began, and Count Two was properly calculated under § 2K2.1(a)(3)

because he committed one crime of violence subsequent to his April 9, 2014 felon-in-possession offense.

> 2. Whether Petitioner's Burglary Conviction Constitutes a Predicate "Crime of Violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) (2014).

In Johnson, the Supreme Court held that the residual clause of the ACCA,[4] with language identical to the residual clause of § 4B1.2(a)(2), was void for vagueness. 135 S. Ct. at 2563. That, however, does not end the analysis in this case. In Beckles, the petitioner argued to the Supreme Court that the Guidelines' residual clause, like the ACCA, was also void for vagueness. 137 S. Ct. 886, 890 (2017). The Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id.

The Court distinguished the due process analysis for the ACCA from the advisory Guidelines because the advisory Guidelines "do not fix the permissible range of sentences … but merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 892. In contrast, the Court noted the ACCA required sentencing courts to

---

[4] The ACCA defines violent felony as "any crime punishable by imprisonment for a term exceeding one year … that— . . . "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. Id.

The Court explained, "[t]he advisory Guidelines also do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." Id. at 894. Providing notice is not implicated because "even if a person behaves so as to avoid an enhanced sentence under the career-offender guidelines, the sentencing court retains discretion to impose the enhanced sentence." Id. "All of the notice required is provided by the applicable statutory range, which establishes the permissible bounds of the court's sentencing discretion." Beckles, 137 S. Ct. at 894.

The Court reasoned that the advisory Guidelines also do not create concern with arbitrary enforcement, as a vague statute like the ACCA does. Id. The Court explained, "[an] unconstitutionally vague law invites arbitrary enforcement … if it leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case … or permits them to prescribe the sentences or sentencing range available." Id. at 894-95 (internal quotations and citations omitted).

The Court distinguished the Guidelines from laws because they

> do not regulate the public by prohibiting any
> conduct or by establishing minimum and maximum
> penalties for [any] crime. … Rather, the
> Guidelines advise sentencing courts how to

> exercise their discretion within the bounds
> established by Congress.

Beckles, 137 S. Ct. at 894-95 (internal quotations omitted). Thus, in Beckles, where the petitioner was convicted under 18 U.S.C. § 922(g)(1) for possession of a firearm by a felon, and § 924(e)(1) fixed the permissible range of petitioner's sentence to 15-years to life imprisonment, the career offender Guideline merely provided the sentencing court with "advice in exercising discretion to choose a sentence within those statutory limits." Id. at 895.

Because the Supreme Court upheld the residual clause of U.S.S.G. § 4B1.2(a)(2) in Beckles, it appears that courts must continue to determine whether a predicate crime is a crime of violence under Supreme Court precedent criticized in Johnson. See Steiner, 847 F.3d at 118 (ACCA precedent generally applies to crimes of violence under the Guidelines.)[5]

---

[5] Descamps, 570 U.S. 254 (2013) and Mathis v. United States, 136 S. Ct. 2243 (2016) are distinguishable because they discuss the analysis under the enumerated clauses of the ACCA and the Sentencing Guidelines, not the residual clauses. See Descamps, 570 U.S. at 257 (to determine whether a past conviction is "burglary, arson, or extortion" as enumerated in 18 U.S.C. § 924(e), courts use the "categorical approach" to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime–i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense"); Mathis v. United States, 136 S. Ct. at 2257 ("[c]ourts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense"). Even assuming Descamps and Mathis support a finding that

*Sykes v. United States*, 564 U.S. 1 (2011), is the Supreme Court's penultimate ACCA residual clause case. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1239 (2018) (Roberts J., dissenting). In *Sykes*, the issue was whether an Indiana statute that made it a criminal offense whenever the driver of a vehicle knowingly or intentionally "flees from a law enforcement officer" was a violent felony under the ACCA. Id. at 4.

The first step in the analysis was to

> employ the categorical approach .... Under this approach, we look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." *James* [*v. United States*], 550 U.S., [192], 202 [127 S.Ct. 1586] [2007] (internal quotation marks and citations omitted); *see also Taylor v. United States*, 495 U.S. 575, 599-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Id. at 7. "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248,

---

Petitioner's third-degree burglary conviction was not a crime of violence under the enumerated clause of the Guidelines, the third-degree burglary conviction may still constitute a crime of violence under the residual clause. See e.g. U.S. v. Terrell, 593 F.3d 1084, 1092 (9th Cir. 2010) ("we hold that although [the petitioner's] prior burglary offenses do not fit within the enumerated offenses, they do fit within the residual clause.")

195 L. Ed. 2d 604 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)). Where a burglary law lays out alternative places, such as "'any building, structure, [or] land, water, or air vehicle'" where a burglary can occur, the listed locations are not alternative elements, "they lay out alternative ways of satisfying a single locational element[.]" Id. at 2250.

The question in Sykes was whether the statute at issue fell within the residual clause "because, as a categorical matter, it presents a serious potential risk of physical injury to another." Sykes, at 564 U.S. at 8. Courts look to the enumerated offenses for guidance by asking whether "the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses." Id. (quoting James, 550 U.S., at 203, 127 S.Ct. 1586 (explaining that attempted burglary poses risks akin to that of completed burglary)). The Dimaya Court noted that burglary is dangerous because it can end in confrontation leading to violence. Id. at 9.

Here, Petitioner pled guilty to burglary in the third-degree under S.C. Code § 16-11-313, which provides:

> (A) A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein.
>
> (B) Burglary in the third degree is a felony punishable by imprisonment for not more than five years for conviction on a first offense and for not more than ten years for conviction

of a second offense according to the
discretion of the Court.

Terms used in this provision are defined in S.C. Code § 16-11-310:

(1) "Building" means any structure, vehicle,
watercraft, or aircraft:

(a) Where any person lodges or lives; or

(b) Where people assemble for purposes of
business, government, education,
religion, entertainment, public
transportation, or public use or where
goods are stored. Where a building
consists of two or more units separately
occupied or secured, each unit is deemed
both a separate building in itself and a
part of the main building.

. . .

(3) "Enters a building without consent" means:

(a) To enter a building without the consent of
the person in lawful possession; or

(b) To enter a building by using deception,
artifice, trick, or misrepresentation to gain
consent to enter from the person in lawful
possession.

The elements of the crime are (1) entering a building; (2)
without consent; (3) with intent to commit a crime. "The only
[intent] requirement is that the person has the intent to commit
any crime at the time of entry." James L. v. State, 2008 WL 9841673,
at *3 (Ohio Ct. App. May 16, 2008 (quoting Pinckney v. State, 629
S.E.2d 367, 369 (2006)). Further, "it is not necessary the intended
crime be committed or the person be convicted of the intended
crime." Id. (quoting State v. Peterson, 518 S.E.2d 277, 278 (Ohio

Ct. App. 1999)). Consistent with Mathis' definition of elements, the definition of "building" in the South Carolina statute does not describe elements of the burglary offense but alternative means of fulfilling the element of "entering a building."

The next step in the analysis is to look to the statutory language to determine whether the risk posed by violation of the statute "is comparable to that posed by its closest analog among the enumerated offenses," which in this case is generic burglary. James, 550 U.S. at 203. The main risk of generic burglary arises from "the possibility of a face-to-face confrontation between the burglar and a third-party—whether an occupant, a police officer, or a bystander—who comes to investigate." Id.

"[T]he proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious risk of injury to another." Id. at 208. Here, the South Carolina third-degree burglary statute poses the same kind of risk because confrontation between a burglar and one who lawfully enters a building with intent to commit a crime may turn into a violent confrontation and result in injury to a person.

3. Whether this Court's sentencing decision should be upheld pursuant to Beckles.

Even if third-degree burglary under South Carolina Code § 16-11-313 is not a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2) (2014), the Court's sentence within the

Advisory Guidelines range for the crime of conviction should be upheld pursuant to Beckles.[6] Beckles instructs that the career offender Guideline merely provides the sentencing court with "advice in exercising discretion to choose a sentence within [the] statutory limits." Id. at 895. This Court considered defendant's argument that four points of his criminal history score should be discounted because they were based on municipal convictions, and he should be sentenced in the range of 151 to 180-months. The Sentencing Transcript reflects

> the defendant has asked [the Court] to consider, and I have, that I should consider the fact that if I look at some of these criminal convictions that the 14 points present a far more sinister criminal history than actually exists. And I looked at that and I studied that. And four points, the defendant argues four points are from municipal court convictions and if those weren't counted, then he would be at a -- that the defendant would be at a Criminal History Category 10, which is a Criminal History Category 5, facing 151 to 188 months.
>
> I have considered that argument. I think at the end of my analysis, the sentence I'm about to impose does address all of the 3553(a) factors. And even if the defense had moved for a downward departure and I had granted it down to a level 5, where the Criminal History Category would be if I discounted those municipal court convictions, I would vary up to the sentence I'm about to impose because I

---

[6] Beckles quoted the 2006 edition of the Sentencing Guidelines. See Beckles, at 890 n. 1. The 2014 Guidelines Manual was used in Petitioner's PSR and at his sentencing, and the residual clause contains the same language as the 2006 edition quoted in Beckles.

do believe that the sentence I'm about to impose does address the 3553(a) factors.

I have reviewed the presentence report. I think the defendant's role in this crime is chilling. I look at Paragraph 80, where the defendant is talking about his criminal conduct, Paragraph 86, and the callousness by which the defendant discusses his criminal conduct. Paragraph 47 he talks about the sale of a firearm he obtained when he was 12 years old. Rutling explained that he sold a firearm when he was 18 years old due to the fact that the firearm was used in numerous shootings, homicides, and the only reason I ended up getting rid of that was because it had too many bodies on it. It just had to go, it was too much. And as I said, I recognize that perhaps this is him puffing, perhaps, but it says much to the Court about the type of person that stands before me; callous, certainly not law abiding, and who just has not learned from the criminal justice system that he must turn his life around.

And so, for all of those reasons, I think that the sentence I will impose will be a guideline sentence and will address adequately the 3553 factors.

Here, Petitioner entered a guilty plea to Count I of the Information, conspiracy to deal in firearms without a license contrary to 18 U.S.C. Section 922(a)(1)(A) in violation of 18 U.S.C. § 371; and Count 2 of the Information, felon in possession of a firearm in violation of 18 U.S.C. Section 922(g)(1). United States v. Rutling, 15cr111(RMB) (D.N.J.) (Plea Colloquy, ECF No. 28 at 16.) Count 1 carried a maximum prison term of five years, and Count 2 carried a maximum prison term of ten years, a total of 15-years [or 180 months]. United States v. Rutling, 15cr111(RMB)

(D.N.J.) (Plea Colloquy, ECF No. 28 at 16-17.) The Court imposed a 180-month sentence, explaining that even if the Guidelines range was 151-188 (capped at 180), the § 3553(a) factors otherwise warranted a 180-month sentence.

> ### 4. Assuming, in the Alternative, that Petitioner's South Carolina Burglary Conviction Was Not a Crime of Violence, Whether there is Strickland Prejudice

Any potential error of counsel in stipulating that Petitioner's third-degree burglary conviction was a crime of violence under U.S.S.G. § 2K2.1(a)(1), as defined under U.S.S.G. § 4B1.2(a)(2), did not prejudice Petitioner. See United States v. Dahl, 713 F. App'x 62, 67 (3d Cir. 2017) ("The categorical approach at step 1 notwithstanding, the District Court did not err in considering at step 3 the facts of Dahl's criminal history and granting the government's motion to vary back within the recidivist range based on those facts and the other § 3553(a) considerations"); see also Molina-Martinez v. United States, 136 S. Ct. 1338, 1345, 1347 (2016) (when a defendant is sentenced under an incorrect Guidelines range "the error can, and must often will, be sufficient to a show a reasonable probability of a different outcome absent the error" but … "[t]he Government remains free to poin[t] to parts of the record—including relevant statements by the judge—to counter any ostensible showing of prejudice the defendant may make" (quoting United States v. Vonn, 535, U.S. 55, 68 (2002)).

Even if Petitioner established that his third-degree burglary conviction was not a crime of violence, and the Guidelines range was reduced to 151-180 months, the Court would impose a term of imprisonment of 180 months for the same reasons it gave under the § 3553(a) factors to support a 180-month sentence if the municipal convictions were not taken into account. Petitioner has not shown that his counsel provided ineffective assistance pursuant to Strickland v. Washington. Cf. U.S. v. Otero, 502 F.3d 331, 337 (3d Cir. 2007) (increased sentence based on erroneous 16-level enhancement in calculating Guidelines range constituted Strickland prejudice).

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, even if jurists of reason might disagree on whether Petitioner's third-degree burglary conviction constituted a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2) (2015), jurists of reason would not disagree that defense counsel's failure to make this argument did not prejudice Petitioner because the Court would have imposed the same 180-month sentence. Therefore, the Court will deny a certificate of appealability.

IV. CONCLUSION

For the foregoing reasons, the motion to vacate, set aside, or correct the sentence (ECF No. 1) is **DENIED**, and the Court SHALL NOT ISSUE a certificate of appealability.

An appropriate Order shall follow.

**Dated: <u>October 31, 2018</u>**

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**